UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAPHAEL DAVALOS,

                        Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                        Defendants.

17-cv-04303 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Raphael Davalos ("Plaintiff"), a *pro se* inmate residing in Greenhaven Correctional Facility ("Greenhaven"),[1] commenced this action on or about June 7, 2017, asserting claims pursuant to 42 USC § 1983, on the basis that he has been unlawfully detained past his "maximum expiration date." Defendants move pursuant to Rule 12(b)(1) and 12(b)(6) to dismiss on the basis Plaintiff's complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss is GRANTED, without opposition.

## BACKGROUND

    The following facts are taken from Plaintiff's Complaint, dated June 3, 2017, and filed June 7, 2017. The facts as alleged are accepted as true for the purposes of this motion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

    Plaintiff alleges that he is an inmate at Greenhaven and that he was held past his ""maximum expiration date" of December 13, 2016. While being held past his release date, Plaintiff was charged with having committed a Tier III Disciplinary infraction, and "received a parole violation" resulting in "twelve months" detention in the Special Housing Unit. He alleges mental anguish as injuries and is seeking monetary compensation.

---

[1] During the pendency of the litigation, Plaintiff was placed at Kingsboro Psychiatric Center.

1

## LEGAL STANDARD

### RULE 12(b)(1)

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC,* 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits . . ." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### RULE 12(b)(6)

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (*quoting Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in

the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). The court should read pro se complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (*quoting Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally"). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (*quoting Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## 42 USC § 1983 CLAIMS

Section 1983 provides, in relevant part, that:"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed

3

by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted).

## DISCUSSION

Prison inmates seeking federal judicial relief from their imprisonment typically seek such remedies through Section 1983 or habeas corpus. Generally, habeas corpus require litigants to exhaust all state remedies prior to commencement. *Rose v. Lundy*, 45 U.S. 509 (1982). Section 1983 claims, on the other hand, are not subject to the same exhaustion rule. *Patsy v. Brd of Regents of Fla.*, 457 U.S. 496, 501 (1982). An inmate's challenge to the validity of his confinement or to the duration of his incarceration fall within the province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, plaintiff brought a Section 1983 action challenging the prison's denial of good-time credits. The Supreme Court held that "a state prisoner's challenge to the fact or duration of his confinement …upon the alleged unconstitutionality of state administrative action," is akin to or goes to the core of a habeas corpus since its "an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser*, 411 U.S. at 489

In *Heck v. Humphrey*, 512 U.S. 577 (1994), the Supreme Court considered whether a state prisoner, seeking monetary damages and not early release from an alleged unconstitutional conviction,

could pursue a claim under Section 1983. The Supreme Court determined that "in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus, 28 USC §2254." *Heck,* 512 U.S. at 486-87. Based on such finding, the Court affirmed the district court and the circuit court's dismissal of the action. Id. at 490. In essence, *Heck* precludes the use of Section 1983 for legal suits seeking damages that have the effect of challenging an existing state or federal criminal conviction or duration of incarceration. In the instant action, Plaintiff explicitly challenges his period of incarceration which must be brought by habeas corpus. Accordingly, Defendants' motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss is Granted upon the favorable termination rule for failure to assert a claim upon which relief may be granted. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 49, to terminate the action, to mail a copy of this Opinion and Order to Plaintiff, and to make an entry on the docket reflecting service of the Opinion and Order upon Plaintiff.

Dated: August 31, 2018　　　　　　　　　　　SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge